NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1218n.06

11-4140

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Nov 26, 2012*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| SHARON A. HOLL, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| UNITED STATES POSTAL SERVICE, | ) | SOUTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellee. | ) | |

Before: DAUGHTREY, KETHLEDGE, and DONALD, Circuit Judges.

**PER CURIAM.** In this employment discrimination action, plaintiff Sharon A. Holl appeals the district court's order granting summary judgment to her employer, the United States Postal Service (USPS), on her claims of violation of the Family and Medical Leave Act (FMLA) (29 U.S.C. §§ 2601-2654), disability-based discrimination under Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794), age discrimination under the Age Discrimination in Employment Act (ADEA) (29 U.S.C. §§ 621-634), and discrimination and retaliation based on gender and race under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §§ 2000e-2000e17.). We find no reversible error and affirm.

Holl was a long-term USPS employee who, at the time of the events giving rise to this litigation, was working under medical restrictions on her ability to lift, carry, push and pull, bend and stoop, and reach above her shoulders. Her first complaint, in March 2007,

involved an order by an operations manager, Juan Zamudio, to push a "house truck" some 100 yards, despite her objection that the force required exceeded her medical restrictions. She alleged that she suffered pain and injury as a result. Her next complaints involved three incidents with a co-worker, John Holscher, the first of which occurred in September 2007, when Holscher bumped Holl while passing her in an aisle and, rather than apologizing, told her, "You were in my way, you dumb bitch." Holl described this incident as a deliberate assault and alleged that it had exacerbated a pre-existing arthritic condition in her neck, causing her to miss work for a month due to pain. When she returned to work in October 2007, she told Zamudio that she was precluded from driving while taking pain medication and requested that USPS provide her with transportation to and from work and with rest breaks. Zamudio denied the requests informally but provided Holl with a form to make a formal request for accommodations. She did not pursue the matter farther, but she did stop working and did not return to work until July 2008, some 10 months later. On her return, Holl continued to complain that Holscher was "harassing" her, saying that she had seen him in her area in August 2008 and again in November 2008, when he held a door open for her to "intimidate" her. At about that same time, she requested FMLA leave due to migraine headaches and an eye infection but was informed by the FMLA coordinator that she had not worked the requisite number of hours in the previous 12 months to qualify for FMLA leave.

Holl filed an EEOC complaint in December 2008, alleging discrimination based on her age, gender, and race. She also claimed that she had been subjected to a hostile work

environment as a result of Holscher's harassment; that management had failed to remedy the harassment; that she had been denied reasonable accommodation for a disability; and that her request for FMLA leave had been wrongfully denied. The EEOC found no discrimination and issued a right-to-sue letter. In her subsequent complaint in district court, Holl claimed that Zamudio's order to work outside her medical restrictions violated the Rehabilitation Act and represented "reverse race discrimination"; that she was subject to age and gender discrimination when management failed to discipline Holscher as a result of the "bumping incident"; and that she had been subjected to retaliation and a hostile work environment. The case was referred to a magistrate judge who reviewed each claim in detail and recommended that the defendant's motion for summary judgment be granted, observing that:

> In this case, Plaintiff has failed to present anything more than her own conclusory allegations in support of her claims. Plaintiff's allegations fail to create any genuine issue of material fact because the most critical allegations are refuted by evidence filed of record. Conclusory allegations, standing alone, are insufficient to demonstrate a genuine issue for trial.

The district court followed the magistrate judge's recommendation, finding that Holl had failed to satisfy the requirements to establish disability under the Rehabilitation Act; failed to prove a *prima facie* case of gender discrimination or hostile work environment; failed to exhaust her accommodations claim administratively; failed to establish eligibility in connection with her request for FMLA leave or that denial of the request had been motivated by retaliation; and failed to establish a *prima facie* case of age discrimination.

The district court also reviewed the record *de novo* in light of the cases cited by the plaintiff in her objections to the magistrate judge's report and concluded that "the Magistrate Judge ha[d] accurately set forth the controlling principles of law and properly applied them to the particular facts of this case."

Our review of the record leads us to the same conclusion, and we therefore AFFIRM the order of the district court granting summary judgment to the defendant.